UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| CHAD DEABAY and DEABAY OUTDOORS, INC. d/b/a OXBOW LODGE,<br><br>        Plaintiffs,<br><br>v.<br><br>PHILADELPHIA INDEMNITY INSURANCE COMPANY,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) Docket No. 1:15-cv-35-NT<br>)<br>)<br>)<br>)<br>) |

**ORDER ON DEFENDANT'S MOTIONS TO DISMISS PLAINTIFFS' COMPLAINT AND TO AMEND REPLY**

    This case arises out of a dispute between an insured party and an insurance company following the total fire loss of a hunting lodge. The Plaintiffs Chad Deabay and Deabay Outdoors, Inc. d/b/a Oxbow Lodge brought suit in this court alleging various claims based on Defendant Philadelphia Indemnity Insurance Company's failure to make payments expeditiously pursuant to its insurance contract with the Plaintiffs. The Defendant in turn has moved to dismiss this suit based on the fact that there is a separate action, involving the same set of facts, pending in Aroostook County Superior Court.[1]

---

[1]     The Defendant has asked this court to dismiss the Plaintiffs' suit based on principles of abstention. However, dismissal on abstention grounds is not permissible for suits seeking damages. *See DeMauro v. DeMauro*, 115 F.3d 94, 98 (1st Cir. 1997) (citing *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706 (1996)) ("[I]n a damages action, the district court may only order a stay pending resolution of state proceedings; it cannot invoke abstention to dismiss the suit altogether."). In light of the fact that abstention is a prudential issue that this court may consider sua sponte, *see Ford Motor Co. v. Meredith Motor Co.*, 257 F.3d 67, 71 n. 3 (1st Cir. 2001), I consider the Defendant's motion as a motion to stay

The Defendant has also moved to supplement its reply memorandum to include an April 28, 2015 order from the Superior Court. I **GRANT** the Defendant's motion to supplement and therefore consider the order (though consideration of this order does not change my ruling on the motion to dismiss).

As explained below, there are no factors present in this case that overcome the strong presumption in favor of the exercise of federal jurisdiction.[2] For this reason, I **DENY** the Defendant's motion to dismiss.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Chad Deabay is the sole shareholder of Deabay Outdoors, Inc., a Maine corporation that owns and operates a guided hunting business and sporting camp in Oxbow, Aroostook County, which includes the Oxbow Lodge. Pls.' Compl. ("**Fed. Compl.**") ¶¶ 2, 3, 9 (ECF No. 1); Def.'s Mot. to Dismiss ("**Def.'s Mot**.") 3 (ECF. No. 8). On or about December 14, 2013, a fire destroyed the Oxbow Lodge's main building, including the guest quarters. Pls.' Compl. ("**Fed. Compl**.") ¶¶ 2, 3, 9 (ECF No. 1); Def.'s Mot. to Dismiss ("**Def.'s Mot.**") 3 (ECF. No. 8). At the time of the fire, Deabay Outdoors was insured under a policy through Philadelphia Indemnity Insurance Company ("**Philadelphia Insurance**"), however, the parties disputed what expenses were covered under the policy provision for recouping "Extra Expenses"

---

the Plaintiffs' suit pending resolution of the state proceedings, and address the Defendant's arguments regarding abstention accordingly.

[2]   The parties do not dispute that this court has jurisdiction over all claims in the suit under 28 U.S.C. § 1332 (diversity jurisdiction).

following a loss. Fed. Compl. ¶ 14; Pls.' Compl. for Declaratory J. ("**State Compl**.") 4-5 (ECF No. 8-1); Def.'s Mot. 3.

On August 14, 2014, Deabay Outdoors filed a declaratory judgment action in Aroostook County Superior Court seeking a determination of what is covered under the "Extra Expenses" provision. State Compl. 4-5. Philadelphia Insurance filed a counterclaim seeking a determination of whether Deabay Outdoors had complied with its obligations under the insurance agreement on the grounds that Deabay Outdoors has failed to assist in the insurance company's investigation of the fire. See Def.'s Answer and Countercl. (ECF No. 8-4). In late 2014, Deabay Outdoors asked the state court to narrow the scope of discovery, a request which was subsequently denied. Def.'s Mot. at 5-6; Pls.' Resp. in Opp'n ("**Pls. Resp**.") (ECF No. 10) at 3-4. On January 23, 2015, Chad Deabay and Deabay Outdoors filed suit in this court, asserting that Philadelphia Insurance had failed to make payments on Deabay Outdoors' insurance claims arising from the fire and thereby: (1) breached the insurance contract with the Plaintiffs (Count I); (2) violated the Unfair Claim Settlement Practices Act, 24-A M.R.S.A. §§ 2436, 2436-A (Count II); and (3) breached the covenant of good faith and fair dealing (Count III). Philadelphia Insurance has moved to dismiss all three claims.[3]

---

[3]   On April 28, 2015, the Superior Court denied Deabay Outdoors' motion to stay the state case until this court rules on the Defendant's motion to dismiss. See Ex. 1 to Def.'s Mot. to Support its Reply Mem. (ECF No. 12-1).

## STANDARD OF REVIEW

I consider the Defendant's motion in light of this court's "inherent power to stay proceedings for prudential reasons." *Microfinancial, Inc. v. Premier Holidays Int'l, Inc.*, 385 F.3d 72, 77 (1st Cir. 2004); *see Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000) (explaining that, in context of potential claim splitting, "[a]s part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit."). In doing so, I am not limited by the pleading or burden requirements of Rules 12(b)(1) or 12(b)(6). *See Kilroy v. Mayhew*, 841 F. Supp. 2d 414, 416-17 (D. Me. 2012); *see also Christian Action Network v. Maine*, 679 F. Supp. 2d 140, 143 n. 2 (D. Me. 2010). I also consider the whole record (including the parties' pleadings and the attached documents the authenticity of which are not in dispute) to determine whether it is appropriate to stay this case during the pendency of the state court proceedings. *Kilroy*, 841 F. Supp. 2d 416-17.[4]

## DISCUSSION

The Defendant makes two arguments: (1) that dismissal is warranted because, by filing this case while a state action is pending on the same matter, the Plaintiffs are engaging in impermissible "claim splitting"; and (2) that this court should abstain from exercising jurisdiction as a prudential matter in light of the pending state court

---

[4] In any case, I may take judicial notice of the proceedings in state court that underlie the Defendant's "claim splitting" and abstention arguments. *See Kowalski v. Gagne*, 914 F.2d 299, 305 (1st Cir. 1990) ("It is well-accepted that federal courts may take judicial notice of proceedings in other courts if those proceedings have relevance to the matters at hand.").

action. For the following reasons, neither argument carries the day.

## I. Claim Splitting

The Defendant's allegations of impermissible "claim splitting" are inapposite to the facts at hand. "Claim splitting" is impermissible in situations "in which the plaintiff seeks 'to maintain two actions on the same subject *in the same court*, against the same defendant at the same time.'" *Clayton v. District of Columbia*, 36 F. Supp. 3d 91, 94 (D.D.C. 2014) (quoting *Katz v. Gerardi,* 655 F.3d 1212, 1217 (10th Cir. 2011)) (emphasis added). Dismissal may be appropriate when the plaintiff is trying to maintain two actions in federal court, because "[a]s between federal district courts . . . the general principle is to avoid duplicative litigation." *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). By contrast, it is well established that "*as between state and federal courts*, the rule is that the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." *Id*. (internal quotation marks and citations omitted) (emphasis added). The "difference in general approach between state-federal concurrent jurisdiction and wholly federal concurrent jurisdiction stems from the virtually unflagging obligation of the federal courts to exercise the jurisdiction given them." *Id*.

The Defendant's reliance on the Tenth Circuit case *Katz v. Gerardi* is mistaken. *See Kanciper v. Suffolk Cnty. Soc. for the Prevention of Cruelty to Animals, Inc.*, 722 F.3d 88, 92 (2d Cir. 2013) ("The District Court's reliance on *Katz* (and, indeed, on claim splitting generally) was erroneous, however, because the previously filed case in this litigation was not filed *in the same* [*federal*] *district court* but in a different

5

*state* court.") (internal quotation marks and citations omitted); *Klane ex rel. Klane v. Mayhew*, Civil No. 1:12-cv-203-NT, 2013 WL 1245677, at *5 (D. Me. Mar. 26, 2013) (stating, in reviewing defendant's argument that plaintiff was impermissibly splitting his claims in situation involving state-federal concurrent proceedings, that "[t]he cases cited by the Defendant are not persuasive because they involve claims that were split within the same court."). Because the present case involves state-federal concurrent proceedings, the Defendant's "claim splitting" argument is unavailing.

## II.  Abstention

The Defendant also argues that this court should abstain from exercising jurisdiction under the doctrine of *Colorado River* abstention. Federal courts "have a virtually unflagging obligation to exercise the jurisdiction given them." *Chico Serv. Station, Inc. v. Sol P.R. Ltd.,* 633 F.3d 20, 29 (1st Cir. 2011) (internal quotation marks and citations omitted). In *Colorado River*, the Supreme Court held that federal courts may abstain from exercising jurisdiction because of a concurrent, "parallel" state proceeding.[5]

Abstention is appropriate, however, only in rare circumstances. "The crux of the *Colorado River* doctrine is the presence of 'exceptional' circumstances displaying 'the clearest of justifications' for federal deference to the local forum in the interest of

---

[5]    I accept, for the purposes of deciding this motion, that the state and federal suits are "parallel" proceedings, as all of the Plaintiffs' claims in both suits arise from the fire and involve interpretation of the insurance documents. *See Britton v. Britton*, 223 F. Supp. 2d 276, 283 (D. Me. 2002) (For purposes of *Colorado River* abstention, "[s]uits are parallel where substantially the same parties litigate substantially the same issues in the state and federal forums."). The fact that Chad Deabay is a plaintiff in the federal suit and a party-in-interest in the state suit does not change the analysis.

'wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.'" *Nazario-Lugo v. Caribevisión Holdings, Inc.*, 670 F.3d 109, 115 (1st Cir. 2012) (quoting *Colorado River*, 424 U.S. at 817-19). Mere "[d]uplication and inefficiency are not enough to support a federal court's decision to bow out of a case over which it has jurisdiction." *Villa Marina Yacht Sales, Inc. v. Hatteras Yachts*, 915 F.2d 7, 13 (1st Cir. 1990). Instead, to determine whether "exceptional circumstances" are present, courts in this circuit consider a non-exclusive list of factors, including:

> (1) Whether either court has assumed jurisdiction over a *res*; (2) the [geographical] inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether state or federal law controls; (6) the adequacy of the state forum to protect the parties' interests; (7) the vexatious or contrived nature of the federal claim; and (8) respect for the principles underlying removal jurisdiction.

*Rio Grande Cmty. Health Ctr., Inc. v. Rullan*, 397 F.3d 56, 71-72 (1st Cir. 2005) (quoting *KPS & Associates, Inc. v. Designs by FMC, Inc.*, 318 F.3d 1, 10 (1st Cir. 2003)).

In considering these factors, I must keep in mind the "heavy presumption favoring the exercise of jurisdiction." *Villa Marina Yacht Sales*, 915 F.2d at 13; *see also Moses H. Cone Memorial Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 16 (1983) (consideration of factors must be "heavily weighted in favor of the exercise of jurisdiction"); *KPS & Associates*, 318 F.3d at 10 (same). The abstention analysis is not a mechanical exercise, *Moses H. Cone*, 460 U.S. at 16, and the "weight to be given any given factor depends on the circumstances at hand." *Nazario-Lugo*, 670 F.3d at

7

115. Considering the factors in this case, I conclude that abstention is not warranted.[6]

### A.     Factor (3) -- Avoiding Piecemeal Litigation

The Defendant's argument that "litigating these claims in two different forums creates a surefire risk of piecemeal litigation," Def.'s Mot. 14, makes some intuitive sense.  However, it is well established that district courts "must look beyond the routine inefficiency that is the inevitable result of parallel proceedings to determine whether there is some exceptional basis for requiring the case to proceed entirely" in state court. *Villa Marina Yacht Sales*, 915 F.2d at 16; *see also Rojas-Hernandez*, 925 F.2d at 496 ("[S]uch inefficiency as results merely from a duplication of effort will not, by itself, justify the surrender of federal jurisdiction.  Rather, the narrow exception exists only where piecemeal adjudication gives rise to special complications.").

Accordingly, courts have noted whether "special complications" beyond mere inefficiency are present when analyzing the piecemeal litigation factor.  *See, e.g.*, *Rojas-Hernandez*, 925 F.2d at 496-97 (noting absence of severe prejudice to one of the

---

[6]     I pass quickly over factor 1 because there is no *res* at stake, and factor 2 because the inconvenience of Caribou (state court) versus Bangor (federal court) is negligible considering that the Defendant is a corporation headquartered in Pennsylvania with counsel based in Portland, Maine. *See Burns v. Watler,* 931 F.2d 140, 147 (1st Cir. 1991) ("We are of the opinion … that a two-hour drive does not denote a degree of inconvenience that should significantly influence the question of whether the proceedings in the federal court should be stayed."); *see also Britton v. Britton*, 223 F. Supp. 2d at 284 ("Defendant argues that the Federal Court sitting in Bangor, Maine is inconvenient, as both parties reside in Houlton, Maine. The Court notes that [the] two forums are separated by approximately 120 miles along Interstate 95 and does not consider this direct commute so inconvenient as to warrant weighing any resulting travel difficulties in Defendant's favor.").  Factor 6 also has no great bearing in this case because I am denying the motion to dismiss.  This factor has its greatest importance when determining whether abstention would prejudice either party because of the inadequacy of the state forum.  *See Rojas-Hernandez v. Puerto Rico Elec. Power Auth.*, 925 F.2d 492, 496 (1st Cir. 1991) ("[T]he adequacy of the state forum [ ] operates against the surrender of jurisdiction only where the state forum may not be adequate to adjudicate the claims."); *see also Currie v. Grp. Ins. Comm'n*, 290 F.3d 1, 12 (1st Cir. 2002) (noting that abstention under *Colorado River* "is appropriate only where the parties may obtain complete relief in the state court proceedings").

parties from concurrent proceedings); *Burns*, 931 F.2d at 146 (noting only slim possibility of "harsh, contradictory or unfair consequences"); *Colorado River*, 424 U.S. at 819 (noting presence of legislation evincing a "clear federal policy" of "avoidance of piecemeal adjudication of water rights"); *Jiménez v. Rodríguez-Pagán*, 597 F.3d 18, 29-30 (1st Cir. 2010) (noting that absence of non-diverse parties from federal litigation raised potential for "fragmented adjudication, to be distinguished from merely duplicative adjudication," that would not provide the comprehensive disposition already underway in state court); *Rivera-Feliciano v. Acevedo-Vilá*, 438 F.3d 50, 62 (1st Cir. 2006) (noting presence of underlying, unresolved, and controlling issues of Puerto Rico law that could render federal court opinion merely advisory); *Liberty Mut. Ins. Co. v. Foremost-McKesson, Inc.*, 751 F.2d 475, 477 (1st Cir. 1985) (noting that possibility of inconsistent interpretations of insurance contract would severely prejudice the rights of one of the parties).

This case raises none of these exceptional bases for abstention. While concurrent proceedings in this matter may well be inefficient, these inefficiencies raise no serious concerns of prejudice. And normal principles of *res judicata* will apply to reconcile any possible inconsistencies that may emerge from the concurrent proceedings. *See, e.g., Huffmire v. Boothbay*, 35 F. Supp. 2d 122, 128 (D. Me. 1999) ("Generally, inconsistent rulings by state and federal courts will not present unfair contradictions in the same case because a decision issued in one court will bind the other court under the doctrine of *res judicata*."). For these reasons, this factor does not suggest that abstention is appropriate.

### B.      Factor (4) -- Order in Which Forums Obtained Jurisdiction

This factor "should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions." *Moses H. Cone*, 460 U.S. at 21. With this in mind, I note that the state case has already moved into the discovery phase, while the case in this Court is just out of the starting gate (the Defendant filed the motion to dismiss before even filing an answer). *See Colorado River*, 424 U.S. at 820 (considering "the apparent absence of any proceedings in the District Court, other than the filing of the complaint, prior to the motion to dismiss."). Because the state court's "head start into the merits lessens [this court's] need to exercise jurisdiction," *Rodríguez-Pagán*, 597 F.3d at 31, this factor weighs in favor of abstention. However, I am disinclined to give this factor much weight considering that the discovery process in state court is not far advanced and the federal case could conceivably catch up to, or overtake, the state proceeding.

### C.      Factor (5) -- Whether State or Federal Law Controls

All of the Plaintiffs' claims turn on state law (there is no federal question). But that is not enough to weigh in favor of abstention. *See Villa Marina Yacht Sales*, 915 F.2d at 15 ("Both the federal and Commonwealth cases involve only Commonwealth law, but this factor does not necessarily counsel in favor of dismissal."). Rather, the First Circuit has held that "[i]t is only in rare instances that the presence of state-law issues creates any momentum toward deferring to pending local litigation under the *Colorado River* doctrine." *Nazario-Lugo*, 670 F.3d at 118 (quotation marks omitted). Those rare instances involve complex or unsettled issues of state law; instances where it will be easier to answer federal law questions once state law

questions are settled; or instances where important state policy interests are implicated. *See Currie*, 290 F.3d at 11.

By contrast, on the present record, the current dispute involves relatively straightforward questions of state law and does not implicate broader state policy. Considering that "there is nothing extraordinary about federal courts being called upon to analyze the law of different jurisdictions," *Nazario-Lugo*, 670 F.3d at 118, I do not see this "garden variety" diversity suit as presenting the types of issues that would warrant abstention. *See id.* ("[T]he district court did not suggest that this simple contract case involving settled local law constituted [a rare instance], and the appellee has not persuaded us."); *see also KPS & Associates*, 318 F.3d at 11 ("[T]his dispute between a vendor and its sales representative over sales commissions presents a straightforward application of state … laws, and is of primary importance only to the immediate parties.") (internal quotation and citation omitted); *see also Rojas-Hernandez*, 925 F.2d at 496 ("Although the case involves only issues of commonwealth law, the same would be true of any case in which federal jurisdiction is based on diversity . . . . The suit involves a relatively straightforward claim for damages under Puerto Rico tort law—the issue is neither unsettled nor complex."). For this reason, this factor does not suggest that abstention is appropriate.

    **D.**    **Factor (7) -- The Vexatious or Contrived Nature of the Federal Claim**

A plaintiff's motivation for bringing a concurrent lawsuit in federal court is an appropriate consideration under *Colorado River*. *See Villa Marina Yacht Sales*, 915 F.2d at 15. If the plaintiff "went to federal court solely in reaction to its failure in the

[state] court, that fact should be held against it in the *Colorado River* balance." *Id.*; *see also Rio Grande Cmty. Health Ctr.*, 397 F.3d at 72 ("[W]e note that the federal action was not filed or pursued as a reaction to an adverse state court action, which would be a factor that weighs heavily in favor of abstention."). "Reactive" lawsuits are a concern because they raise the "discomforting specter of forum-shopping." *Bacardí Intern. Ltd. v. V. Suárez & Co., Inc.*, 719 F.3d 1, 15 (1st Cir. 2013) (internal citation omitted).

In this case, the Defendant argues that the federal lawsuit was filed in reaction to the Plaintiffs' lack of success at limiting the scope of discovery in the state case. Indeed, the Plaintiffs seem to admit to a reactive motivation when they state that "[g]iven the prospect of facing eight months of discovery on counterclaims for declaratory judgment, neither of which would be dispositive of the overall insurance claim, Plaintiff[s] decided to sue for breach of contract [in the district court]." Pls.' Resp. at 4. But it is hard to discern forum-shopping in the Plaintiffs' actions. They will likely be subject to the same scope of discovery in a federal case (indeed, their federal claims are broader than their declaratory judgment request in the state suit). And, absent a protective order, materials produced in one case could be used in the other. Nor, on the present record, are the Plaintiffs' actions clearly "vexatious" (beyond the ordinary vexatiousness of any lawsuit). Because I decline to speculate about the Plaintiffs' motivations in the absence of any clear indication of forum-

shopping or abuse of process, this factor does not suggest that abstention is appropriate.[7]

### E. Factor (8) -- Respect for the Principles Underlying Removal Jurisdiction

Finally, courts in this circuit have considered whether a plaintiff's filing of a concurrent lawsuit in federal court violates removal principles by working a de facto removal, even though the right to remove a state court case to federal court is limited to defendants under 28 U.S.C. § 1441. *See Huffmire*, 35 F. Supp. 2d at 130; *Villa Marina Yacht Sales*, 915 F.2d at 14. However, this concern applies with less force where the plaintiff's claims in both courts are not identical. *See Villa Marina Yacht Sales*, 915 F.2d at 14 (suggesting that this factor is less weighty where plaintiff's claims in federal court "do[ ] not duplicate the claims that *it* filed in [state] court.") (emphasis omitted). Given that the state court suit seeks a declaratory judgment, and the federal suit seeks damages based on broader claims, at best this factor weighs only slightly in favor of abstention.

---

[7] I also decline to find that the Plaintiffs' claims are "contrived" because they could have been brought in state court. The case law suggests that "forum-shopping" based on an adverse state court decision is the main concern, not the plaintiff's choice to file in both state and federal court. *See, e.g.*, *Huffmire*, 35 F. Supp. 2d 130 ("Here, the state and federal suits are identical and were filed on the same day. This is, thus, not a clear example of reactive litigation such as where a plaintiff responds with a federal filing in response to an adverse ruling in state court . . . . Accordingly, this factor . . . weighs in favor of deciding not to abstain.").

### F.   Summary of Factors

After considering all the factors outlined above, I conclude that there are no "exceptional circumstances" in this case that overcome the presumption in favor of exercising jurisdiction. Therefore, abstention is inappropriate.

## CONCLUSION

For the foregoing reasons, I **GRANT** the Defendant's motion to supplement its reply, and **DENY** the Defendant's motion to dismiss the Plaintiffs' complaint.

**SO ORDERED**.

/s/ Nancy Torresen
United States Chief District Judge

Dated this 1st day of July, 2015.